FILED
APR 16 2010

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOSHUA ROBERTS,

                Petitioner,

    v.

GUY HALL,

                Respondent.

Civil No. 07-539-AC

ORDER ON MOTION FOR RECONSIDERATION AND
**AMENDED** FINDINGS AND RECOMMENDATION

TONIA L. MORO
Assistant Federal Public Defender
15 Newtown Street
Medford, OR 97501

      Attorney for Petitioner

JOHN R. KROGER
Attorney General
JACQUELINE SADKER
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR 97301

      Attorneys for Respondent

1 - ORDER ON MOTION FOR RECONSIDERATION AND
    **AMENDED** FINDINGS AND RECOMMENDATION -

ACOSTA, Magistrate Judge.

## ORDER ON MOTION FOR RECONSIDERATION

Petitioner, an inmate at the Two Rivers Correctional Institution, bring this habeas corpus action pursuant to 28 U.S.C. § 2254. On May 29, 2009, this court issued a Findings and Recommendation. Respondent filed a Motion for Reconsideration or, in the alternative, Objections to the Findings and Recommendations. Upon review of Respondent's motion and the record, the court finds a factual error in the original Findings and Recommendation. Specifically, at page 5, the Findings and Recommendation states "[i]n his Petition for Review to the Oregon Supreme Court, Petitioner did not directly reference the possible 20-year prison term, *but did attach a copy of his Amended Petition.*" (Emphasis added.) This is incorrect, as Petitioner attached a copy of the decision of the Oregon Court of Appeals, not a copy of his Amended Petition for Post-Conviction Relief. Accordingly, Respondent's Motion for Reconsideration is GRANTED, and the court enters the following Amended Findings and Recommendation.

## AMENDED FINDINGS AND RECOMMENDATION

For the reasons set forth below, the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 should be DENIED.

## BACKGROUND

On April 1, 2003, a Washington County grand jury indicted Petitioner on four counts of Sexual Abuse in the First Degree and one count of Attempted Sexual Abuse in the first degree. The counts alleged Petitioner touched his victim, a neighbor's 7-year old daughter, on her genitalia

(twice), her breasts, and her buttocks, and that Petitioner tried to get the victim to touch his penis. The conduct occurred over the course of an hour on March 9, 2003.

Petitioner agreed to plead guilty to three counts of Sexual Abuse in the First Degree in exchange for dismissal of the remaining charges. Petitioner signed a plea petition prepared by Counsel which stated the presumptive sentence under the Sentencing Guidelines was 75 months, and that "the Court could depart from that presumptive sentence and impose a greater or lesser sentence." Respondent's Exhibit ("Resp. Exh.") 103, p. 1. The plea petition also stated that the maximum possible sentence for Petitioner's guilty pleas to the three counts of Sexual Abuse in the First Degree was 225 months. *Id.*

At the change of plea hearing, the Court engaged in the following colloquy with Petitioner:

THE COURT: . . . I'm looking at a Plea Petition that says you want to plead guilty to three counts of Sex Abuse in the First Degree. Is that what you want to do?

PETITIONER: Yes, sir.

THE COURT: You understand if you plead guilty that you will give up the rights that were given to you when you first appeared, those are the rights in the fourth paragraph of this Plea Petition. Do you understand that?

PETITIONER: Yes, sir.

THE COURT: Additionally, in paragraph number seven it says that your presumptive sentence is 75 months; that's actually 75 months on each count. Do you understand that?

PETITIONER: Yes, sir.

THE COURT: And the 75 months can be added all together. Do you understand that?

PETITIONER: Yes, sir.

3 - ORDER ON MOTION FOR RECONSIDERATION AND
   **AMENDED** FINDINGS AND RECOMMENDATION -

Resp. Exh. 104, pp. 2-3. The trial judge then entered consecutive and concurrent sentences on the

three counts for a total of 120 months.

Petitioner did not file a direct appeal. He did, however, pursue state post-conviction relief

("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. On appeal, the

Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review.

*Roberts. v. Hall*, 208 Or. App. 757, 145 P.3d 1145, *rev. denied*, 342 Or. 253, 149 P.3d 1212 (2006).

On April 11, 2007, Petitioner filed his Petition for Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254 in this court. Petitioner seeks habeas corpus relief on the following ground:

> **Ground One**: Petitioner's guilty pleas were not voluntary because trial counsel
> provided ineffective assistance when he told Petitioner that he faced a 20-year
> sentence if he went to trial.

> **Supporting Facts:** Petitioner was given erroneous legal advice by defense counsel
> that induced him to enter a guilty plea agreement. Petitioner was advised by defense
> counsel that if he rejected the proposed guilty plea, he could receive a 20-year
> sentence term. All four counts he was charged with would have merged for the
> purposes of sentencing, leading to a total sentence of 75 months.

Respondent argues Petitioner procedurally defaulted this claim for relief and that, in any event, he

is not entitled to relief on the merits.

## **DISCUSSION**

**I.    Procedural Default**

Generally, a state prisoner must exhaust all available state court remedies either on direct

appeal or through collateral proceedings before a federal court may consider granting habeas corpus

relief. 28 U.S.C. § 2254(b)(1); *Cook v. Schriro*, 538 F.3d 1000, 1025 (9th Cir. 2008), *cert. denied*,

129 S.Ct. 1033 (2009). A state prisoner satisfies the exhaustion requirement by fairly presenting

his claim to the appropriate state courts at all appellate stages afforded under state law. *Cook*, 538 F.3d at 1025; *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To "fairly present" a federal constitutional claim to the state court, a petitioner must make the federal basis of the claim explicit either by citing to federal law or to the decisions of federal courts. *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Gatlin v. Madding*, 189 F.3d 882, 888 (9th Cir. 1999), *cert. denied*, 527 U.S. 1087 (2000). In Oregon, a petitioner may, in certain circumstances, fairly present a federal constitutional claim to the Oregon State Supreme Court by incorporating by reference in his Petition for Review to that court his appellate brief from the Oregon Court of Appeals. *See Farmer v. Baldwin*, 346 Or. 67, 81, 205 P.3d 871 (2009) ("a petitioner may present a question of law to this court by means of an attachment to a *Balfour* brief filed in the Court of Appeals, when the attachment serves as section B of said brief, and the petitioner incorporates that same brief by reference into his petition for review); *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994) ("where the petition for review itself evidences an intent to bring all of the issues raised in the Court of Appeals before the Supreme Court, there is no procedural default under Oregon law simply because the petitioner did not specifically restate a contention in his petition to the higher court").

When a state prisoner fails to exhaust his federal claims in state court and the state court would now find the claims barred under the applicable state rules, the federal claims are procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). Similarly, if a federal constitutional claim is expressly rejected by a state court on the basis of a state procedural rule that is independent of the federal question and adequate to support the judgment, the claim is procedurally defaulted. *Coleman*, 501 U.S. at 729-30; *Cook*, 538 F.3d at 1025. Habeas review of

procedurally defaulted claims is barred unless the petitioner demonstrates cause for the procedural

default and actual prejudice, or that the failure to consider the claims will result in a miscarriage

of justice. *Coleman*, 501 U.S. at 750; *Cook*, 538 F.3d at 1028.

Respondent argues Petitioner procedurally defaulted the claim alleged herein because he

failed to argue in the state PCR proceeding that trial counsel was ineffective for advising Petitioner

he could face a 20-year sentence if he went to trial, when that advice was legally incorrect. In his

Amended Petition for State Post-Conviction Relief, however, Petitioner alleged he was denied

effective assistance of counsel because his trial attorney failed to:

> (A)  Ensure that Petitioner's decision to waive his rights to a jury trial and enter a guilty plea was knowing, voluntary, and intelligently made; and
>
> Petitioner claims, upon advice of counsel, he thought he could receive a 20 year prison term if convicted at trial; and
>
> Petitioner claims defense counsel improperly influenced Petitioner's mother and aunt so they would pressure Petitioner to accept a plea agreement rather than go to trial.

Resp. Exh. 105, p. 2.

In his brief on appeal to the Oregon Court of Appeals, Petitioner stated as his Assignment

of Error "[t]he post-conviction court erred in denying petitioner relief when the evidence was

uncontradicted that petitioner felt pressured by his trial attorney." Resp. Exh. 115, p. 2. Petitioner

also inserted the language quoted above from his Amended Petition. *Id.* at pp. 2-3.

In his Petition for Review to the Oregon Supreme Court, Petitioner did not directly

reference the possible 20-year prison term. Instead, Petitioner focused his argument on his claim

that his plea was not voluntary because he was pressured by his attorney and family members.

6 - ORDER ON MOTION FOR RECONSIDERATION AND
   **AMENDED** FINDINGS AND RECOMMENDATION -

Petitioner did not expressly incorporate his appellate brief, though he did state "[t]he issue is well presented" there.

Respondent argues Petitioner did not "fairly present" the claim before this court because Petitioner did not argue the advice given by counsel was legally incorrect; he argued only that trial counsel was excessively coercive in convincing him to accept the plea. The court agrees.

Petitioner did specifically claim in his Amended Petition for Post-Conviction Relief that he accepted the plea because counsel told him he would receive a 20-year sentence if he went to trial. Petitioner reiterated this claim by repeating the same language in his brief to the Oregon Court of Appeals. In his Petition for Review to the Oregon Supreme Court, however, Petitioner focused solely upon his argument that the plea was not voluntary; he nowhere mentioned counsel's advice regarding the potential sentence at trial. Moreover, Petitioner did not incorporate his appellate brief in his Petition for Review to the Oregon Supreme Court. Petitioner's lone reference to his appellate brief, that "[t]he issue is well presented there," clearly applied to his argument regarding the voluntariness of his plea.

Accordingly, Petitioner procedurally defaulted his claim. Moreover, even if Petitioner did not procedurally default the claim, he is not entitled to relief on the merits as the state court decisions denying relief are entitled to deference. *See* 28 U.S.C. § 2254(b)(2) ("[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

7 - ORDER ON MOTION FOR RECONSIDERATION AND
   **AMENDED** FINDINGS AND RECOMMENDATION -

## II.    Relief on the Merits

### A.    Legal Standards for Deference to State Court Decision

When a petitioner has exhausted his federal claims, this Court may grant a writ of habeas corpus only if the state court proceeding: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d). Section 2254(d)(1) applies to challenges to purely legal questions resolved by the state court, and section 2254(d)(2) applies to purely factual questions resolved by the state court. *Lambert v. Blodgett*, 393 F.3d 943, 978 (9th Cir. 2004), *cert. denied,* 546 U.S. 963 (2005). Therefore, the question whether a state court erred in applying the law is a different question from whether it erred in determining the facts. *Rice v. Collins*, 546 U.S. 333 (2006).

Section 2254(d)(1) consists of two alternative tests, *i.e.*, the "contrary to" test and the "unreasonable application" test. *Cordova v. Baca*, 346 F.3d 924, 929 (9th Cir. 2003). Under the first test, the state court's "decision is contrary to clearly established federal law if it fails to apply the correct controlling authority, or if it applies the controlling authority to a case involving facts materially indistinguishable from those in a controlling case, but nonetheless reaches a different result." *Clark v. Murphy*, 331 F.3d 1062, 1067 (9th Cir.) (citing *Williams v. Taylor*, 529 U.S. 362, 413-414 (2000)), *cert. denied*, 540 U.S. 968 (2003).

Under the second test, "'[a] state court's decision involves an unreasonable application of federal law if the state court identifies the correct governing legal principle . . . but unreasonably

applies that principle to the facts of the prisoner's case.'" *Van Lynn v. Farmon*, 347 F.3d 735, 738 (9th Cir. 2003) (quoting *Clark*, 331 F.3d at 1067), *cert. denied*, 541 U.S. 1037 (2004). Under the "'unreasonable application clause . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly . . . [r]ather that application must be objectively unreasonable.'" *Clark*, 331 F.3d at 1068 (quoting *Lockyer v. Andrade*, 538 U.S. 63 (2003)). When evaluating whether the state decision amounts to an unreasonable application of federal law, "[f]ederal courts owe substantial deference to state court interpretations of federal law." *Cordova*, 346 F.3d at 929.

Under section 2254(d)(2), which involves purely factual questions resolved by the state court, "the question on review is whether an appellate panel, applying the normal standards of appellate review, could reasonably conclude that the finding is supported by the record." *Lambert*, 393 F.3d at 978; *see also Taylor v. Maddox*, 366 F.3d 992, 999 (9th Cir.) ("a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable"), *cert. denied,* 534 U.S. 1038 (2004). Section 2254(d)(2) "applies most readily to situations where a petitioner challenges the state court's findings based entirely on the state record. Such a challenge may be based on the claim that the finding is unsupported by sufficient evidence, . . . that the process employed by the state court is defective, . . . or that no finding was made by the state court at all." *Taylor*, 366 F.3d at 999 (citations omitted).

9 - ORDER ON MOTION FOR RECONSIDERATION AND
**AMENDED** FINDINGS AND RECOMMENDATION -

In examining the record under section 2254(d)(2), the federal court "must be particularly deferential to our state court colleagues . . . . [M]ere doubt as to the adequacy of the state court's findings of fact is insufficient; 'we must be satisfied that any appellate court to whom the defect [in the state court's fact-finding process] is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate.'" *Lambert*, 393 F.3d at 972 (quoting *Taylor*, 366 F.3d at 1000).

In conducting its review, the federal court "look[s] to the last-reasoned state-court decision." *Van Lynn*, 347 F.3d at 738.   When a state court does not supply the reasoning for its decision, a federal court undertakes an independent review of the record to determine whether the state court decision was objectively unreasonable. *Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000). Moreover, a state court's failure to cite to applicable federal law does not render its decision contrary to or an unreasonable application of well established federal law. *See Early v. Packer*, 537 U.S. 3, 8 (2002) (state court need not cite or even be aware of governing Supreme Court case so long as neither the reasoning nor the result of its decision contradicts them).

**B.    The State PCR Trial Judge's Decision**

The state PCR trial judge did not issue a written opinion.  Instead, he explained his denial of relief on the record at the conclusion of the PCR evidentiary hearing:

> THE COURT: ... So, you know, basically, as far as a knowingly and voluntarily and intelligent plea, I think the petitioner has failed to meet the standard, and that count -- that will be dismissed.
>
> On the second allegation that the attorney tried -- these are my words -- tried to convince the petitioner to accept a plea offer, and tried to get his family to convince him, and said he'd get 20 years if he didn't, the problem with that is that --

10 - ORDER ON MOTION FOR RECONSIDERATION AND
**AMENDED** FINDINGS AND RECOMMENDATION -

of course, there's nothing wrong with an attorney advocating or trying to get his client to plead guilty to what he believes is a very good deal. It only becomes improper when he overwhelms his client.

The -- it appears in this case that the victim gave a very credible disclosure on the chances of -- with her testimony -- the chances of conviction were very great. If the plaintiff, pardon me -- had the petitioner testified, a prior sex abuse conviction would have been used against him, for sure, and there was the possibility of an upward departure. So I don't believe that allegation has been proven.

\* \* \*

So I'm making a finding that the petitioner has failed to prove any and all allegations in the petition, and the petition will be dismissed.

Resp. Exh. 113, pp. 6-7. The PCR trial judge entered a General Judgment which stated: "Petitioner failed to prove all allegations of Petition." Rep. Exh. 114, p. 1. As noted, neither the Oregon Court of Appeals nor the Oregon Supreme Court issued a written opinion.

## C.    Analysis

The Supreme Court has established a two-part test to determine whether a defendant has received ineffective assistance of counsel. Under this test, a petitioner must prove that counsel's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-888 (1987).

Where a petitioner has pleaded guilty or no contest on the advice of counsel, the "voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985). The prejudice prong, in turn, requires the petitioner to show that there is a reasonable probability that, but for

counsel's errors, he would not have pled guilty and would have insisted on going to trial. *Id.* at 59; *Lambert v. Blodgett*, 393 F.3d at 980.

The court looks to the factual circumstances surrounding a plea to determine whether the petitioner would reasonably have proceeded to trial. *See Miller v. Champion*, 262 F.3d 1066, 1068 & 1074-75 (10th Cir. 2001) (while a petitioner need not prove that he would have prevailed at trial in order to establish prejudice under *Hill*, the strength of the prosecution's case should be considered as circumstantial evidence of whether petitioner really would have gone to trial had he received adequate advice from counsel), *cert. denied*, 534 U.S. 1140 (2002). As such, "the strength of the prosecution's case is an indicator of whether the defendant would have accepted a guilty plea offer even if counsel's advice had not been constitutionally deficient." *Brown v. Hill*, 2007 WL 464712 *5 (D. Or., Feb. 7, 2007), *aff'd*, 267 Fed. Appx. 630 (9th Cir. 2008), *cert. denied*, 129 S.Ct. 97 (2008).

Petitioner asserts his trial counsel convinced him to accept a plea by making him believe he faced a sentence in excess of 240 months if convicted at trial. In fact, Petitioner argues, that advice was in error because all four counts in the indictment would have merged for the purposes of sentencing under Oregon law, and the maximum sentence would have been 75 months.

Oregon law provides that sentences shall be deemed concurrent unless the judgment expressly provides for consecutive sentences. Or. Rev. Stat. § 137.123(1). For criminal offenses that do not arise from "the same continuous and uninterrupted course of conduct," the court may impose consecutive sentences. Or. Rev. Stat. § 137.123(2).

For crimes that arise out of a "continuous and uninterrupted course of conduct," the sentences shall be concurrent unless the court makes additional factual findings under Or. Rev. Stat. § 137.123(5). The sentencing judge must find:

> (a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of the defendant's willingness to commit more than one criminal offense; or

> (b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct.

Or. Rev. Stat. § 137.123(5).

In order for Petitioner to prevail, this court must find that a trial judge could not conceivably have concluded consecutive sentences were warranted under the facts of Petitioner's case. Had Petitioner proceeded to trial and been convicted on all five charges, however, the judge could reasonably have concluded that the separate counts of the indictment were not part "of a continuous and uninterrupted coarse of action," or that the crimes entailed a "willingness to commit more than one criminal offense" or "caused or created a risk of causing a greater or qualitatively different loss." Such a determination may have "require[d] the trial court to choose from competing versions of the facts or to make a qualitative judgment about the relative seriousness of facts or circumstances involved the commission of a crime." *State v. Racicot*, 106 Or. App. 557, 561, 809 P.2d 726 (1991).

13 - ORDER ON MOTION FOR RECONSIDERATION AND
     **AMENDED** FINDINGS AND RECOMMENDATION -

It would not have been unreasonable under Oregon law at the time of Petitioner's offense for the judge to determine consecutive sentences were authorized by law. Indeed, the Oregon Court of Appeals had previously upheld consecutive sentences when a defendant had touched his victim in the same place on the thigh within a period of five minutes. *State v. Stafford*, 157 Or. App. 445, 459-60, 972 P.2d 47 (1998), *rev. denied*, 329 Or. 358, 994 P.2d 125 (1999). The court stated "each time defendant touched the first victim's leg, he committed attempted sexual abuse because he had the opportunity to pause and reflect on his conduct. . . . Thus, consecutive sentences were lawfully imposed[.]" *Id.* at 459.

Trial counsel did not incorrectly advise Petitioner as to the potential consequences of taking his case to trial. Petitioner's argument that there is no record that trial counsel considered the consecutive sentencing statutory requirements before advising that consecutive sentences were possible is unavailing. Trial counsel was correct that the statutory requirements for consecutive sentences were met, and his advice to accept the plea agreement was objectively reasonable.[1]

The PCR court's decision denying relief on Petitioner's claim was not based on an unreasonable determination of the facts in light of the evidence presented and was not contrary to or an unreasonable application of *Strickland*. This court joins other judges of this District who have rejected the assertion Petitioner advances here, that the PCR court incorrectly applied a preponderance of the evidence standard in applying *Strickland*. "The application of the preponderance of the evidence standard to the underlying facts, in accordance with Or. Rev. Stat.

---

[1]Having found counsel's performance was not deficient, this court need not address prejudice. *See Strickland*, 466 U.S. at 697 (noting that courts may consider either prong of the test first and need not address both if the petitioner fails one).

14 - ORDER ON MOTION FOR RECONSIDERATION AND
    **AMENDED** FINDINGS AND RECOMMENDATION -

§ 138.620(2), does not equate with the post-conviction court applying the preponderance of the evidence standard in its application of *Strickland*." *Elkins v. Belleque*, Case No. 06-CV-1180-MA, 2008 WL 5046386, at *9 (D. Or. 2008) (citing *Mariano-Santos v. Blacketter*, 532 F. Supp. 2d 1254, 1257-58 (D. Or. 2006), *aff'd*, 266 Fed. Appx. 593 (9th Cir.), *cert. denied*, --- U.S. ----, 129 S.Ct. 87, 172 L. Ed. 2d 75 (2008)); *Wilkerson v. Blacketter*, Case No. 05-CV-1562-KI, 2007 WL 2693419, at *3 (D. Or. 2007), *aff'd*, 290 Fed. Appx. 993 (9th Cir. 2008); *Fuller v. Hill*, Case No. 05-CV-506-TC, 2007 WL 2733824, at *4 (D. Or. 2007), *aff'd*, 292 Fed. Appx. 545 (9th Cir. 2008)). Accordingly, Petitioner is not entitled to habeas corpus relief.

## RECOMMENDATION

For these reasons, the Petition for Writ of Habeas Corpus should be DENIED, and a judgment of DISMISSAL should be entered. Should Petitioner appeal, a certificate of appealability should be DENIED as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

## SCHEDULING

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due April 29, 2010. If no objections are filed, review of the Findings and Recommendation will go under advisement that date.

15 - ORDER ON MOTION FOR RECONSIDERATION AND
   **AMENDED** FINDINGS AND RECOMMENDATION -

A party may respond to another party's objections within 14 days after service of a copy of

the objections.  If objections are filed, review of the Findings and Recommendation will go under

advisement upon receipt of the response, or on the latest date for filing a response.

DATED this 5th day of April, 2010.

John V. Acosta
United States Magistrate Judge